MOLLIE UNGER, as Guardian ad Litem of HAROLD UNGER, an Infant, Respondent, *v.* NEW YORK LIFE INSURANCE COMPANY, Appellant.

First Department, July 2, 1924.

**Insurance — action to recover double face of policy under clause providing therefor in case of death by accident — insured was killed when he fell down elevator shaft — evidence shows that he committed suicide — new trial granted to defendant.**

In an action to recover double the face of a life insurance policy under a provision therefor in case of death by accident, the judgment in favor of the plaintiff will be reversed and a new trial granted where the defense interposed is that the insured committed suicide and the testimony shows that the insured while in an office building about to board an elevator requested the operator to raise the elevator a little so that he could look for a diamond ring which he had lost; that the operator raised the elevator eighteen inches and the insured got down on his hands and knees and jumped through the opening head first; that his estate was insolvent; and that just before his death he telephoned to one of the witnesses and told him that if the witness did not come over to his office right away it would be too late.

APPEAL by the defendant, New York Life Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of November, 1923, upon the verdict of a jury.

*Louis H. Cooke [Ferdinand H. Pease* of counsel], for the appellant.

*Feltenstein & Rosenstein [Moses Feltenstein* of counsel], for the respondent.

McAVOY, J.:

Plaintiff's father, Adolph L. Unger, took out an insurance policy for the benefit of the infant plaintiff as beneficiary. The policy was for the sum of $5,000 with double indemnity in case of death from injury effected through external, violent and accidental causes.

The claim here is that double indemnity was not applicable in this case because of suicide by the father, and it is agreed that if suicide was established only single indemnity could have been recovered.

The insured was killed by falling down the elevator shaft of the building where he kept offices. Defendant was willing to pay the face amount of the policy, $5,000, but resisted the double indemnity payment on the ground of suicide by the insured.

There is a direct conflict of fact as to how the deceased came to his death. Plaintiff merely proved by Dr. Norris, chief medical examiner of the city of New York, the death of the insured by violent injuries. The doctor examined the body in the elevator pit. Plaintiff then rested and defendant made no motion to dismiss but entered on its defense.

It was shown by the testimony of the elevator operator that while descending in his car he received a signal to stop at decedent's floor. Upon opening the door he found decedent standing in front of the shaft, and he thereupon requested the operator to raise his car a little so that he could look around on the ledge inside of the door to see if he could find a diamond ring which he had lost. The operator raised the car about a foot and decedent got down on his hands and knees and jumped through the opening head first. No other eye-witness to the incident was called. The proof indicated that decedent's estate turned out to be insolvent; that on the day of his death the insured gave his children two bank books, each for the sum of $1,200 for the benefit of the children, and a witness talked to him on the telephone immediately before the accident happened and said that the insured told him if he did not come right over to his office to see him it would be too late. While there is a strong presumption of fact that decedent's death was not due to suicidal cause, yet these facts seem to rebut the presumption of accident, and with the testimony of the eye-witness of the circumstances surrounding the death that the door was but two feet wide, the raising of the elevator was but eighteen inches and that it would be almost impossible accidentally to have fallen into this narrow opening, to present a case where sympathy was allowed to overcome evidence.

There is some proof by a witness Dooley, an inspector of elevators connected with the bureau of buildings, that the elevator operator told him that he raised the elevator to throw some light on the floor, and that the decedent bent down, either slipped or fell down, or lost his balance and fell into the elevator shaft, but the circumstances are such that even with this alleged

6

contradiction of the elevator man's testimony, the proof of suicide is so strong as opposed to this contradictory statement alleged to have been made by the operator, that the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event, on the ground that the finding of the jury that the decedent insured did not commit suicide is against the weight of the evidence.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.